IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2015-cv-07425 |
| | ) | |
| UNIVERSITY PARK BOARD OF FIRE | ) | |
| & POLICE COMMISSIONERS, THE | ) | |
| VILLAGE OF UNIVERSITY PARK, | ) | |
| and ED BRADLEY, in his official | ) | |
| capacity as Chief of Police. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, DEBORAH WILSON, by and through her attorneys, REIMER DOBROVOLNY & KARLSON LLC, state as follows for her Response to the Defendants' Fed.R.Civ.P. 12(b)(6) Motion to Dismiss Amended Complaint:

### INTRODUCTION

On December 12, 2014, the Plaintiff filed a Complaint in the Circuit Court of Will County seeking relief from certain actions taken by the Defendants, the University Park Board of Fire and Police Commissioners, the Village of University Park, and Police Chief Ed Bradley. On July 13, 2015, the Circuit Court dismissed the Plaintiff's Complaint without prejudice. On August 20, 2015, the Plaintiff was granted leave and filed an Amended Complaint instanter. Plaintiff's Amended Complaint included a cause of action alleging due process violations pursuant to 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution. On August 24, 2015, Defendants removed Plaintiff's Amended Complaint to this Court.

1

In pertinent part, the Plaintiff's Amended Complaint alleges she was a University Park police officer and that, on two separate occasions Police Chief Ed Bradley suspended her without pay. The Amended Complaint further alleges that on both occasions, the Police Chief suspended her in excess of five days without bringing any formal changes before the University Park Board of Fire and Police Commissioners (hereinafter the "BFPC"). Finally, the Amended Complaint alleges the Plaintiff filed a written appeal of her suspensions with the University Park BFPC on September 18, 2014. Without holding a hearing on Plaintiff's appeal, the University Park BFPC concluded it was not timely and refused to hold a hearing regarding the appeal or its determination it was not timely. The BFPC advised her in writing they would not consider her case.

The Defendants' Motion to Dismiss argues the Amended Complaint should be dismissed because administrative review should be the Plaintiff's sole method of review, the Plaintiff failed to file an appeal of her suspension with the BFPC within five days as contemplated by the Municipal Code at 65 ILCS 5/10-2.1-17, and because state law provides a post-deprivation remedy barring Plaintiff's due process claims.

Contrary to the Defendants' arguments, there is no requirement the Plaintiff file an appeal of her suspension with the BFPC within 5 days. As such, the appeal of her discipline was timely filed and the BFPC should have granted the Plaintiff's request to hold a hearing. At a minimum, the BFPC should have held an open meeting and taken a formal vote on the Plaintiff's request to review her suspension. Moreover, because the BFPC never issued a final administrative decision, the Plaintiff's request for relief in addition to administrative review is proper. Inasmuch as the Plaintiff's Amended Complaint seeks to address wrongful actions taken by the Chief, those actions taken in violation of the law are not administrative decisions subject to

review. The relief sought by the Plaintiff is also proper for this reason. Finally, Plaintiff's State

law remedies are inadequate or entirely unavailable because the Defendants acted without

authority and outside the scope of the statute resulting in the denial of Plaintiff's opportunity to

be heard under Illinois law. For the reasons that follow, the Defendants' request this Court

dismiss the Amended Complaint should be denied.

## STANDARD

"A district court should not dismiss a complaint 'unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitled him to relief'".

*Hamlin v. Vaudenberg*, 95 F3d. 580, 583 (7th Cir. 1996).

## ILLINOIS STATUTES

§ 10-2.1-17. Removal or discharge; investigation of charges; retirement.

Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. The hearing shall be as hereinafter provided, unless the employer and the labor organization representing the person have negotiated an alternative or supplemental form of due process based upon impartial arbitration as a term of a collective bargaining agreement. Such bargaining shall be mandatory unless the parties mutually agree otherwise. Any such alternative agreement shall be permissive.

The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay. The board may suspend any officer or member pending the hearing with or without pay, but not to exceed 30 days. If the Board of Fire and Police Commissioners determines that the

charges are not sustained, the officer or member shall be reimbursed for all wages withheld, if any.

The provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the board of fire and police commissioners hereunder. The term "administrative decision" is defined as in Section 3-101 of the Code of Civil Procedure.

Nothing in this Section shall be construed to prevent the chief of the fire department or the chief of the police department from suspending without pay a member of his department for a period of not more than 5 calendar days, but he shall notify the board in writing of such suspension. The hearing shall be as hereinafter provided, unless the employer and the labor organization representing the person have negotiated an alternative or supplemental form of due process based upon impartial arbitration as a term of a collective bargaining agreement. Such bargaining shall be mandatory unless the parties mutually agree otherwise. Any such alternative agreement shall be permissive.

Any policeman or fireman so suspended may appeal to the board of fire and police commissioners for a review of the suspension within 5 calendar days after such suspension, and upon such appeal, the board may sustain the action of the chief of the department, may reverse it with instructions that the man receive his pay for the period involved, or may suspend the officer for an additional period of not more than 30 days or discharge him, depending upon the facts presented.

65 ILCS 5/10-2.1-17 (in pertinent part).

## ARGUMENT

### I. Plaintiff's appeal of her suspensions to the BFPC was timely.

In their Motion to Dismiss, Defendants argue Plaintiff's administrative review claim should be dismissed because her original request to the BFPC to review her suspensions was not filed within 5 days. Defendants assert the BFPC letter to Plaintiff in November 2014 refusing to hear the appeal of her discipline constitutes a final administrative decision under Illinois law.

4

They conclude because Plaintiff filed her appeal with the BFPC more than 5 days after the suspension, the BFPC was without jurisdiction to hear the appeal and her administrative review count should be dismissed from the Amended Complaint. Defendants do not claim (nor could they) Plaintiff's administrative review Amended Complaint filed in State court was untimely.

Defendants misconstrue Plaintiff's cause of action. Defendants' argue the BFPC letter to Plaintiff in November 2014 was an administrative decision subject to review under Illinois Administrative Review Law. While Plaintiff argues in the alternative below the BFPC has never issued a valid final decision in this matter, taking the Defendants' position this correspondence was a final administrative decision, it is subject to judicial pursuant to the Illinois Administrative Review Law. Defendants' interpretation effectively makes a final administrative decision exempt from review of any kind despite a timely filed complaint for review. As such, Plaintiff's timely filed complaint for administrative review at a minimum provides for judicial review of the BFPC decision refusing to hear her appeal.

An action for administrative review must be commenced within 35 days from the date a copy of the decision sought to be review was served upon the Plaintiff. 735 ILCS 5/3-103. The Defendants' do not argue the Plaintiff failed to file her Amended Complaint within 35 days of the BFPC's decision refusing to consider her appeal. Rather, they argue her action in this Court is barred because she did not file her appeal with the BFPC within 5 days after her suspension. As argued above, the Plaintiff was not mandated to file her appeal with the BFPC within 5 days of her suspension. Assuming arguendo her BFPC appeal was not timely, that does not operate to bar her request for administrative review of the BFPC's decision in this Court. Inasmuch as her request to review the BFPC determination was filed in a timely manner, this Court may review the legal sufficiency of that determination.

In addition, contrary to the Defendants' argument, the plain language of the statute establishes the 5 day requirement applies only to suspensions of five days or less. The Plaintiff's Amended Complaint alleges she was wrongfully suspended in excess of five days on two separate occasions.

The Municipal Code provides for the discipline of police officers by a Board of Fire & Police Commissioners (BFPC). As recited above, upon written charges being filed with the BFPC and an opportunity to be heard in their own defense, the BFPC may discharge a police officer or suspend them without pay for a maximum of 30 days. However, the police chief may suspend an officer for not more than 5 days upon notice to the BFPC. Any officer so suspended, may appeal to the BFPC within 5 calendar days after such suspension. (See 65 ILCS 5/10-2.1-17).

The disciplinary procedure contemplated by the statute above separates powers between the BFPC and chief of police. The chief of police may suspend for a period not to exceed 5 days. Only the BFPC may suspend in excess of 5 days (but not to exceed 30 days) or terminate an officer. Illinois Courts have recognized this dichotomy in finding, "the Board has the **sole** authority to discharge or to suspend without pay for a period not exceeding 30 days. At the same time, the law recognizes the power of the police chief to suspend an officer, without pay, **for a period of up to five days**. These two powers are not mutually exclusive, unless it is evident form the record that the initial suspension was intended to be a final disposition of the matter and not merely a suspension pending a discharge hearing." *Wilson v. Bd. of Fire and Police Commissioners of the City of Markham,* 205 Ill.App.3d 984, 990 (1st Dist. 1990) (emphasis added).

By the clear language of the statute, the 5 calendar day limitation to appeal discipline

applies only to a suspension of less than five days administered by the chief of police. Inasmuch as the statute only gives the chief the authority to suspend for no more than 5 days, any greater discipline must be levied by the BFPC after hearing. The Defendants proposed interpretation applying the 5 calendar day limitation to suspensions of greater than five days would yield an absurdity as only the BFPC can impose such discipline. Instead, only upon the filing of charges does the BFPC have jurisdiction to issue a suspension. Meaning, because charges were never filed with the BFPC, neither the police chief nor the BFPC ever had jurisdiction to suspend the Plaintiff for greater than five days. See e.g. *Kozsdiy v. O'Fallon Board of Fire & Police Commissioners,* 31 Ill.App.3d 173, 174-175 (5th Dist. 1975).

Because the Plaintiff was suspended for more than five days by the Chief of Police on two separate occasions, the 5 calendar day limitation to appeal said discipline does not apply. As alleged in the Plaintiff's Amended Complaint, the statute does not grant the Chief the authority to suspend the Plaintiff for a period in excess of 5 days without bring changes before the BFPC. He failed to bring any such charges. Because the Plaintiff was suspended in excess of 5 days, she was not required to appeal her suspension within 5 calendar days and her appeal to the BFPC should not have been time barred. Moreover, the Chief exceeded his authority in suspending the Plaintiff for more than five days without bringing charges before the BFPC. Neither the Chief nor the BFPC ever had jurisdiction to suspend the Plaintiff for more than five days.

The Defendants' Motion to Dismiss her Amended Complaint should therefore be denied.

## II. Administrative review is not the Plaintiff's sole remedy.

Next, the Defendants argue the Plaintiff's Amended Complaint should be dismissed because administrative review is the sole method to obtain judicial review of a <u>final</u> administrative decision. The Defendants' argument overlooks two important facts. First, the

BFPC did not hold a hearing on the Plaintiff's appeal of the Chief's self-adjudicated discipline and therefore never issued a final administrative decision subject to review. Second, Counts I through III of the Plaintiff's Amended Complaint ask this Court to overturn the Chief's suspension of the Plaintiff. This is not a decision subject to administrative review. The Defendants' request to dismiss the Plaintiff's Amended Complaint should therefore be denied.

The Plaintiff alleges in paragraphs 15 and 16 of her Amended Complaint that she filed an appeal of her suspensions with the BFPC but the BFPC refused to hear her appeal. The BFPC advised the Plaintiff of the same via correspondence issued November 7, 2014, and attached to the Plaintiff's Amended Complaint as Ex. 2. This correspondence does not constitute a final administrative decision subject to the administrative review law. As such, declaratory, injunctive, mandamus, and common law *certiorari* relief is appropriate.

In order to issue a valid final administrative decision, an administrative agency must act pursuant to an affirmative vote at an open meeting properly noticed under the Open Meetings Act and approve a final written decision memorializing the agency's final decision that has been reviewed by the members of the agency. *Howe v. Retirement Bd. of the Firemen's Annuity & Benefit Fund*, 2013 IL App (1st) 122446. An administrative decision not properly approved does not constitute a valid final administrative decision. *Baldermann v. Bd. of Trustees of the Police Pension Fund of the Village of Chicago Ridge,* 2015 IL App (1st) 140482.

The November 7, 2014, correspondence advising the Plaintiff the BFPC would not hear her appeal is not a valid, final administrative decision. It is not signed by the commissioners of the University Park BFPC. Is it signed only by Chairman Theo Brooks. It does not advise the Plaintiff the BFPC took any final action on her appeal by affirmative vote or even met in open session to consider her request. As pled in her Amended Complaint, the BFPC denied her

request to review her suspensions without holding a hearing at any time. (Ex. A, par. 16-17). As such, pursuant to *Baldermann*, the BFPC has not issued a final administrative decision regarding the Plaintiff's appeal of her suspensions.

In addition, the Defendants' Motion misconstrues the conduct from which the Plaintiff seeks judicial relief. On two separate occasions, the Plaintiff was suspended for more than 5 days by University Park Police Chief Ed Bradley. (Ex. A. pars. 9,12). The first instance resulted in an unpaid suspension of 10 days. The second unpaid suspension lasted 42 days. (See Ex. 1 to Plaintiff's Amended Complaint). As argued above, the statute does not give the Chief of Police authority to suspend an officer for more than 5 days without bringing formal charges before the BFPC. In this case, the Police Chief did not bring charges before the BFPC. Meaning, as noted above, the BFPC never even had jurisdiction to suspend Plaintiff. Therefore, as alleged in the Amended Complaint, he acted without lawful authority in suspending the Plaintiff. As the Chief is not an administrative agency, his decisions in acting contrary to the statute are not subject to administrative review.

Because the Chief acted beyond the scope of his statutory authority in suspending the Plaintiff in excess of five days without bringing charges before the BFPC, no administrative review mechanism was available for that action. As such, the Plaintiff's causes of action in addition to administrative review are appropriate and the Defendants' request to dismiss the Plaintiff's Amended Complaint should be denied.

### III. Plaintiff's due process claims are not barred because no adequate post-deprivation remedy is available.

Finally, Defendants argue Plaintiff's due process claims should be dismissed because a post-deprivation remedy is available. Namely, Defendants argue their unauthorized actions in

suspending Plaintiff and refusing to hear her appeal are not violative of due process principles because Plaintiff can seek administrative review under Illinois law. First, Plaintiff cannot seek administrative review of the Chief's decision to suspend her inasmuch as he is not an administrative body subject to Illinois' Administrative Review Law. While Plaintiff should be entitled to review of this decision before the BFPC, the BFPC refused to hear her appeal. As such, the remedy available to Plaintiff is inadequate to protect her due process rights

"Where state law remedies [to random and unauthorized conduct] exist, a plaintiff must either avail herself of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." *Michalowizc v. Village of Bedford Park*, 528 F.3d 530, 535 (7th Cir. 2008). "We should not reject [a state-law remedy as inadequate] unless the remedy … can readily be characterized as inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed by the fourteenth amendment." *Id.*, citing *Easter House v. Felder*, 910 F.2d 1387, (7th Cir. 1990).

As alleged in her Amended Complaint, Plaintiff was twice suspended by Chief Bradley without lawful authority. Illinois' Administrative Review Law provides for judicial review of final decisions of administrative bodies. (See 735 ILCS 5/3-101 et seq.). Inasmuch as the Chief is not an administrative body, the Plaintiff is not able to seek administrative review of his unlawful decisions to suspend her in excess of 5 days without his filing of a complaint with the BFPC. As posited by the Defendants, Illinois' Administrative Review law provides no process for Plaintiff to be heard.

The Chief twice suspended Plaintiff for more than 5 days. In each instance, Chief Bradley brought no charges before the BFPC as required by Illinois law. (See 65 ILCS 5/10-2.1-17). The statute does not allow the Chief to suspend for more than 5 days without filing charges

with the BFPC.  The Chief may suspend for no more than 5 days without filing of written charges but must give notice of the suspension to the BFPC.  This he also failed to do.

Because the Chief acted without authority and outside the scope of the statute, Plaintiff's ability to be heard falls outside the review provided.  Because no charges were ever filed, the BFPC never had jurisdiction to hear Plaintiff's case.  As such, and as interpreted by Defendants, there is no State procedure by which she could be heard.  The remedy available to the Plaintiff is inadequate and her Amended Complaint should not be dismissed.

Under Illinois law, the Plaintiff should be able to seek review of the Chief's unlawful suspension before the BFPC.  As alleged in her Amended Complaint, she filed a written appeal of her suspension with the BFPC on September 18, 2014.  However, the BFPC refused to hear her appeal instead ruling by correspondence she did not timely file her appeal.  This decision was made without notice to the Plaintiff, without holding a hearing, and without discussion or approval by a majority of the BFPC at an open meeting.  In short, the Plaintiff was denied any opportunity to be heard regarding her property deprivation by the actions of the Defendants.

## CONCLUSION

A police officer suspended by the Chief of Police for less than five days must appeal that suspension to the BFPC within five days.  Only the BFPC has the authority to suspend an officer for more than five days (but less than 30).  65 ILCS 5/10-2.1-17.  Plaintiff's Amended Complaint alleges she was suspended in excess of five days on two separate occasions.  In both instances, the Chief did not bring charges before the BFPC.  In so suspending, he acted beyond the scope of his statutory authority.  Because these unlawful suspensions were in excess of five days, the statute does not mandate the Plaintiff bring her appeal to the BFPC within five days.  As such, the appeal of her suspension to the BFPC was timely and should have been considered.

Even assuming *arguendo* the Plaintiff's appeal to the BFPC was not timely, the BFPC did not issue a final administrative decision on her case, a decision it never had jurisdiction to issue. The Plaintiff's Amended Complaint alleges the BFPC advised her it would not hear her appeal without holding a meeting of any sort. Such a decision approved without a formal vote, meeting, or previously approved writing does not constitute a valid administrative decision.

Moreover, in twice suspending the Plaintiff in excess of five days without filing charges or holding a BFPC hearing, the actions of Chief Bradley are beyond the scope of the authority granted to him by statute. As his actions are not subject to administrative review in this context, the Plaintiff's causes of action are not barred by the Administrative Review Law.

Finally, because the Defendants acted without authority and beyond the scope of the applicable Illinois statute, Plaintiff has no adequate post-deprivation remedy. Administrative review does not provide her the ability to review the action of the Chief because he is not subject to Illinois' Administrative Review Law. While the BFPC is subject to the Administrative Review Law, they never had jurisdiction over the Plaintiff's suspension because the Chief failed to file a complaint with that administrative body as required by law. As a result of these actions, Plaintiff's state law remedy is meaningless and/or nonexistent.

Therefore, for the aforementioned reasons, the Defendants' request for dismissal of the Plaintiff's Amended Complaint should be denied.

WHEREFORE, the Plaintiff, DEBORAH WILSON, respectfully requests this Honorable Court enter an Order denying the Defendants' request to dismiss the Plaintiff's Amended Complaint or, in the alternative, should the Court dismiss Count IV of the Amended Complaint, Plaintiff requests the Court retain jurisdiction over the remainder of her Amended Complaint.

Respectfully submitted,

DEBORAH WILSON

/s/ *Brian J. LaBardi*

Brian J. LaBardi,
One of Her Attorneys

Keith A. Karlson
Brian J. LaBardi
Reimer, Dobrovolny & Karlson LLC
15 Spinning Wheel Road
Suite 310
Hinsdale, IL 60521
(630) 654-9547

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2015 I electronically filed Plaintiff's Response to Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participants:

Julie A. Bruch
O'Halloran Kossoff Geitner & Cook LLC
650 Dundee Rd., Suite 475
Northbrook, IL  60062
jbruch@okgc.com

*/s/ Brian J. LaBardi*