# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 7425 |
| | ) | |
| UNIVERSITY PARK BOARD OF FIRE | ) | |
| & POLICE COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

## BACKGROUND

Plaintiff Deborah Wilson (Wilson) was allegedly a full-time police officer for the Village of University Park Police Department (Department). In July 2014, Defendant Ed Bradley (Bradley), Chief of the Department, allegedly suspended Wilson for more than 5 days without pay (July Suspension). In suspending Wilson, Bradley allegedly failed to provide notice to Defendant University Park Board of Fire & Police Commissioners (Board) or bring charges before the Board as required. In August 2014, Bradley again suspended Wilson for more than 5 days without pay

1

(August Suspension). Wilson allegedly filed a written appeal and the Board refused to hold a hearing regarding Wilson's appeal. Wilson contends that she was not provided with notice or an opportunity to be heard before the Board. Wilson includes in her amended complaint a writ of mandamus claim (Count I), a writ of *certiorari* claim seeking the reversal of the decisions of the Board (Count II), a declaratory relief claim (Count III), due process claims brought pursuant to 42 U.S.C. § 1983 (Section 1983) (Count IV), and an administrative review claim (Count V).

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a

motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,' and that '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## DISCUSSION

I.  Administrative Review Claim (Count V)

Defendants move to dismiss the mandamus claim, the writ of *certiorari* claim, the declaratory and injunctive relief claim, and the administrative review claim, contending that Wilson failed to request a review of the suspension in a timely fashion. Pursuant to 65 ILCS 5/10-2.1-17, a Chief of Police is authorized to suspend an officer, stating the following:

> Nothing in this Section shall be construed to prevent the *chief of the fire department or the chief of the police department from suspending without pay a member of his department for a period of not more than 5 calendar days*, but he shall notify the board in writing of such suspension. . . Any policeman or fireman *so suspended may appeal to the board of fire and police commissioners for a review of the suspension within 5 calendar days after such suspension,* and upon such appeal, the board may sustain the action of the chief of the department, may reverse it with instructions that the man receive his pay for the period involved, or may suspend the officer for an additional period of not more than 30 days or discharge him, depending upon the facts presented.

*Id.* (emphasis added). Defendants contend that Wilson first filed a written appeal of

3

the July Suspension and August Suspension on September 18, 2014, which was more than 5 days after both of the suspensions. Wilson confirms in her amended complaint that she filed her written appeal on that date. (A. Compl. Par. 15). However, as Wilson correctly points out the only reference in 65 ILCS 5/10-2.1-17 to a suspension by a Chief of Police is to the proviso that there is no limitation on a suspension by a Chief of Police "for a period of not more than 5 calendar days." 65 ILCS 5/10-2.1-17. The 5-day filing deadline for review is provided for officers who are "so suspended." *Id.*; *see also Wilson v. Bd. of Fire & Police Comm'rs of City of Markham*, 563 N.E.2d 941, 944 (Ill. App. Ct. 1990)(stating that "the Board has the sole authority to discharge or to suspend without pay for a period not exceeding 30 days" and "[a]t the same time, the law recognizes the power of the police chief to suspend an officer, without pay, for a period up to five days"). In the instant action, Wilson expressly alleges that for both the July Suspension and the August Suspension, Wilson was suspended for more than 5 days. (A. Compl. 9, 12). In opposition to the instant motion, Wilson contends that she was suspended for 10 days and then for 42 days. (Resp. 9). Thus, the review deadline identified by Defendants is not applicable. In addition, 65 ILCS 5/10-2.1-17 indicates that for suspensions of more than five days a Police Chief is required to bring written charges before the Board and the officer is to be accorded a hearing. *Id.* Wilson alleges in her amended complaint that Bradley did not notify the Board of the suspensions and did not bring written charges before the Board. (A. Compl. 10, 13). Defendants also point to the Board's Rules and Regulations which also contain a 5-day filing requirement. (Mot.

4

3). However, the rules quoted by Defendants likewise refer to a suspension "for a period not to exceed five (5) days," which is not consistent with the facts in this case. (Mot. 3).

Wilson contends that she pursued her claims in the instant action for administrative review in a timely fashion. Pursuant to 735 ILCS 5/3-103, "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision . . . ." *Id.* Defendants contend that the letter (Refusal Letter) from the Board in November 2014, refusing to hear Wilson's appeal constituted a final decision by the Board. Even if the court considered that Refusal Letter to be a final administrative decision by the Board subject to review, the record reflects that Wilson filed her original complaint in state court relating to this matter on December 12, 2014, which was within the 35-day deadline. Therefore, the motion to dismiss the administrative review claim is denied.

II. Mandamus, Writ of *Certiorari*, and Declaratory Judgment Claims (Counts I-III)

Defendants argue that the Administrative Review Law is the sole remedy available to Wilson and that Wilson may not pursue a mandamus, writ of *certiorari*, or declaratory judgment claim. The Administrative Review Law "is the sole and exclusive method to obtain judicial review of a final administrative decision." *Stykel v. City of Freeport*, 742 N.E.2d 906, 909-10 (Ill. App. Ct. 2001). However, there is

no indication in the record that the Refusal Letter was signed by the commissioners of the Board, or that the Letter was the result of any vote or meeting by the Board. Thus, it is not clear at this juncture whether the Refusal Letter would qualify as a final administrative decision. Thus, it is premature to dismiss the mandamus, writ of *certiorari*, or declaratory judgment claims. At the summary judgment stage, Wilson will need to point to sufficient evidence to support such claims. Therefore, Defendants' motion to dismiss the mandamus, writ of *certiorari*, or declaratory judgment claims is denied.

III.  Due Process Claims (Count IV)

Defendants contend that Wilson has failed to allege facts to state valid due process claims. For a due process claim, a plaintiff must establish: "(1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). Wilson alleges that Bradley suspended Wilson without providing notice to the Board or bringing charges before the Board, and thus acted in a random and unauthorized fashion in violation of Wilson's due process rights. Defendants argue that, according to Wilson's own allegations, she was provided with a post-deprivation remedy and that by failing to seek an appeal within 5-days of her suspension she failed to take advantage of that post-deprivation remedy. *See Michalowicz*, 528 F.3d at 535 (stating that "[b]ecause such misconduct is inherently unpredictable, the state's obligation under the Due Process Clause is to provide

sufficient remedies after its occurrence, rather than to prevent it from happening"); *see also Armstrong v. Daily*, 786 F.3d 529, 541-42 (7th Cir. 2015)(explaining that when a pre-deprivation hearing is not feasible for random and unauthorized acts, "a meaningful post-deprivation tort remedy provide[s] all the process that could be expected"). As explained above, the 5-day limitations period is not applicable in this case. Illinois law specifies that for suspensions of more than 5 days, a Police Chief is required to bring charges before the Board. Wilson alleges that Bradley disregarded such requirements, suspending her for more than 5 days on two occasions without pay. It is thus premature at this juncture to dismiss the due process claims. At the summary judgment stage, Wilson will need to point to sufficient evidence to support such claims. Therefore, Defendants' motion to dismiss the due process claims is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 13, 2016