**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH WILSON, | ) | |
| | ) | Case No.:  15-CV-7425 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Honorable Samuel Der-Yeghiayan |
| UNIVERSITY PARK BOARD OF FIRE & | ) | |
| POLICE COMMISSIONERS, THE | ) | |
| VILLAGE OF UNIVERSITY PARK, and | ) | |
| ED BRADLEY,in his Official capacity as | ) | |
| Chief of Police. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, University Park Board of Fire & Police Commissioners, the Vilalge of University Park, and Ed Bradley, by their attorneys, Julie A. Bruch and Karin L. Anderson, for their Answer and Affirmative Defenses to plaintiff's First Amended Complaint, the City state as follows:

**FACTS COMMON TO ALL COUNTS**

(I)    Plaintiff, Deborah Wilson, was an appointed, full time police officer for the Village of University Park Police Department.

**ANSWER:**    Admitted.

(2)    Defendant, University Park Board of Fire and Police Commissioners (hereinafter the "Board"), is a statutorily created administrative agency created pursuant to 65 ILCS 5/10-2.1-1 et seq.

**ANSWER:**    Admitted.

1

(3)     In certain circumstances, the Board is vested with the authority to hire, promote, discipline, and discharge police officers of the Village of University Park.

**ANSWER:**     Admitted.

(4)     Specifically, the Board has the authority to discharge, or suspend an officer not to exceed 30 days, upon the filing of written charges and the opportunity to be heard in their own defense. However, the police chief may suspend an officer for a period of not more than 5 days upon written notice to the Board. (See 65 ILCS 5/10-2.1-17).

**ANSWER:**     Defendants admit only to the authority set forth by statute and ordinances.

(5)     A police officer suspended for not more than 5 days by the chief may appeal to the Board for review of the suspension within 5 calendar days of the suspension. (See 65 ILCS 5/10-2.1-17).

**ANSWER:**     Defendants admit only to the rights set forth by statute and ordinances and deny that the allegations of paragraph 5 accurately set forth those rights.

(6)     The Board's Rules & Regulations provide in pertinent part:

**Section 8 Suspension**

a)     The Board may suspend any member of the Fire or Police. Department against whom charges have been filed, pending a' hearing of the charges by the Board, but not to exceed thirty (30) days, without pay, at any one time.

b)     The Chief of Police or Fire Department shall have the right to suspend any officer or fire fighter under his command for a period not to exceed five (5) days, providing no charges on the same offense have been filed and are pending before the Board, and he shall notify the Board in writing within 24 hours of the time of such suspension. Any fire fighter or police officer

2

so suspended may appeal to the Board for a review of the suspension within five (5) days after receiving notice of the such suspension by filing notice of such appeal in writing with the Secretary of the Board of Fire and Police Commissioners. A hearing shall be had upon such appeal, and due notice given to the Chief of the Department who suspended such fire fighter or police officer, and to the employee so suspended. The burden of establishing that a suspension is unwarranted shall be upon the individual bringing the appeal.

c) Upon such appeal, the Board may sustain the action of the Chief of the Department, may reverse it with instructions that the employee so suspended receive his pay for the period involved, may suspend the employee for a period of not more than thirty (30) days, or discharge him, depending on the evidence presented.

Village of University Park Bd. of Fire & Police Commissioners, Rules & Regs., Ch. 6, Sec. 8.

**ANSWER:** Defendants admit to the existence of the rule cited.

(7) Defendant, the Village of University Park, is a municipality with its principal place of business located in Will County, Illinois,

**ANSWER:** Admitted.

(8) At all times relevant to this Amended Complaint, Defendant, Ed Bradley (hereinafter the "Chief"), was the duly appointed University Park Chief of Police and an employee of the Village.

**ANSWER:** Admitted.

(9) On or about July 11, 2014, the Chief, acting in his official capacity as University Park Police Chief, suspended the Plaintiff for a period in excess of five days without pay.

**ANSWER:**     Denied.

(10)     In suspending the Plaintiff without pay in July, 2014, the Chief did not provide notice to the Board or bring charges before the Board seeking her suspension or any other form of disciplinary action.

**ANSWER:**     Denied.

(11)     The Village took pay from the Plaintiff as a result of the Chief's suspension of her in July, 2014.

**ANSWER:**     Admitted.

(12)     On or about August 28, 2014, the Chief suspended the Plaintiff for a period in excess of 5 days without pay.

**ANSWER:**     Admitted.

(13)     In suspending the Plaintiff without pay in August, 2014, the Chief did not provide notice to the Board or bring charges before the Board seeking her suspension or any other form of disciplinary action.

**ANSWER:**     Denied.

(14)     The Village took pay from the Plaintiff as a result of the Chief's suspension of her in August, 2014.

**ANSWER:**     Admitted.

(15)     On September 18, 2014, Plaintiff filed a written appeal of her July and August suspensions with the Board. (See correspondence attached hereto as Ex. 1).

**ANSWER:**     Admitted.

(16)     By correspondence issued on November 7, 2014, and without prior

notice, discussion at any open meeting, formal action approved by public vote or holding any hearing, the Board refused to hold a hearing regarding the Plaintiff's appeal of her suspensions. (See correspondence attached hereto as Ex, 2).

**ANSWER:**   Admitted, however, defendants deny that plaintiff's appeal was timely.

(17)   Prior to being suspended, Plaintiff was not provided with notice or an opportunity to be heard before the Board.

**ANSWER:**   Defendants admit the allegations of paragraph 17 but deny that she was entitled to such notice.

(18)   With regard to the suspensions at issue in this matter, charges were never filed with the Board.

**ANSWER:**   Admitted.

## COUNT I

## COMPLAINT FOR WRIT OF MANDAMUS

(19)   The Plaintiff incorporates and realleges Paragraphs 1- 18 as if fully set forth herein as Paragraphs 19-36 of this Count I.

**ANSWER:**   Defendants restate their answers to paragraphs 1-18 for their answer to paragraphs 19-36 of Count I as though fully set forth herein.

(37)   Pursuant to 65 ILCS 5/10-2.1-1 et seq., the Plaintiff has a right to have her appeal of the Chief's discipline adjudicated by the Board as provided for by Statute, including a hearing on the merits of her appeal filed with the Board.

**ANSWER:**   Denied.

(38)   The Defendant Board is without legal authority and acting contrary to the law of the State of Illinois by refusing to grant the Plaintiff a hearing to adjudicate the

appeal of her disciplinary suspensions.

**ANSWER:**    Denied.

(39)    The Defendant Board is without legal authority and acting contrary to the law of the State of Illinois by adjudicating Plaintiff's request for a hearing without notice, conduct of a public meeting, or public vote memorializing the action taken.

**ANSWER:**    Denied.

(40)    The Defendant Chief is without legal authority and acting contrary to the law of the State of Illinois by suspending the Plaintiff in excess of five days without complaint to the Board.

**ANSWER:**    Denied.

(41)    The Defendant Village is without legal authority and acting contrary to the laws of the State of Illinois by withholding payment of salary and benefits earned by the Plaintiff without notice, charges, or a hearing being held before the Board.

**ANSWER:**    Denied.

(42)    The Plaintiff has no other adequate remedy at law to compel the Board to comply with the applicable provisions of the Municipal Code other than to invoke the equitable jurisdiction of this Court.

**ANSWER:**    Denied.

(43)    Pursuant to §5/14-101 of the Code of Civil Procedure, this Court *is* vested with the power to grant Plaintiff a Writ of Mandamus enforcing this non-discretionary Act on the part of the Board and grant such other and further relief as may be necessary to enforce those rights.

**ANSWER:**    Denied.

WHEREFORE, Defendants deny that they are liable to Plaintiff and pray that Count I of Plaintiff's First Amended Complaint be dismissed with costs assessed against Plaintiff.

## Count II

## COMPLAINT FOR WRIT OF CERTIORARI

(44)    The Plaintiff incorporates and realleges Paragraphs 1- 18 as if fully set forth herein as Paragraphs 44-61 of this Count II.

**ANSWER:**    Defendants restate their answers to paragraphs 1-18 for their answer to paragraphs 44-61 of Count II as though fully set forth herein.

(62)    The Board's decision to continue to deny Plaintiff a hearing on the appeal of her discipline is arbitrary, capricious, and contrary to the law.

**ANSWER:**    Denied.

(63)    The Chief's decision to suspend the Plaintiff in excess of five days and refusal to reinstate her is arbitrary, capricious, and contrary to the law.

**ANSWER:**    Denied.

(64)    The Village's decision to withhold payment of salary and benefits owed to the Plaintiff is arbitrary, capricious, and contrary to the law.

**ANSWER:**    Denied.

(65)    Section 10-2.1-17 of the Illinois Municipal Code (65 ILCS 5/10-2.1-17) specifically addresses this issue.

**ANSWER:**    Denied.

(66)    Based upon the above cited provision of the Illinois Municipal Code, the Board's decision to deny Plaintiff a hearing on the appeal of her disciplinary suspension should be overturned.

**ANSWER:**    Denied.

WHEREFORE, Defendants deny that they are liable to Plaintiff and pray that Count II of Plaintiff's First Amended Complaint be dismissed with costs assessed against Plaintiff.

## COUNT III

## DECLARATORY & INJUNCTIVE RELIEF

(67)    The Plaintiff incorporates and realleges Paragraphs 1- 18 as if fully set forth herein as Paragraphs 67-84 of this Count III.

**ANSWER:**    Defendants restate their answers to paragraphs 1-18 for their answer to paragraphs 67-84 of Count III as though fully set forth herein.

(85)    Pursuant to 735 ILCS 5/2-701, this Court is vested with the power to declare the rights and liabilities of all parties hereto and grant such other and further relief as may be necessary to enforce these rights.

**ANSWER:**    Denied.

(86)    The Defendant Chief is without legal authority and acting contrary to the law of the State of Illinois by suspending the Plaintiff in excess of five days without complaint to the Board.

**ANSWER:**    Denied.

(87)    The Defendant Village is without legal authority and acting contrary to

8

the laws of the State of Illinois by withholding payment of salary and benefits earned by the Plaintiff.

**ANSWER:**     Denied.

(88)     The Defendant Board is without jurisdiction to suspend Plaintiff.

**ANSWER:**     Denied.

(89)     The Defendant Board is without legal authority to suspend the Plaintiff without the opportunity to be heard.

**ANSWER:**     Denied.

(90)     The Plaintiff has no other adequate 'remedy at law other than seek the jurisdiction of this Court because the Defendants are acting outside the scope of their statutory authority and contrary to state law.

**ANSWER:**     Denied.

(91)     The Plaintiff will be irreparably damaged and injured in the event the Defendants continue to violate the provisions of the Municipal Code, the Village's ordinances, and state law.

**ANSWER:**     Denied.

(92)     There is an immediate need for a judicial determination as to the scope, effect and propriety of the Defendant's conduct.

**ANSWER:**     Denied.

WHEREFORE, Defendants deny that they are liable to Plaintiff and pray that Count III of Plaintiff's First Amended Complaint be dismissed with costs assessed against Plaintiff.

## COUNT IV

## DUE PROCESS VIOLATIONS

(93)     The Plaintiff incorporates and realleges Paragraphs 1- 18 as if fully set forth herein as Paragraphs 93-110 of this Count IV.

**ANSWER:**    Defendants restate their answers to paragraphs 1-18 for their answer to paragraphs 93-110 of Count IV as though fully set forth herein.

(111)   This Count V [sic] is brought pursuant to the 42 U.S.C. 1983 to redress the deprivation under color of State law of the rights and privileges secured by the Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**    Defendants admit that Count IV is brought pursuant to Section 1983 but defendants deny violating plaintiff's rights as alleged.

(112)   At all times relevant hereto the Defendants were acting under color of State law.

**ANSWER:**    Admitted.

(113)   Plaintiff has a property interest in her right to be compensated and continued employment with the Village protected by the Fifth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**    Admitted.

(114)   Plaintiffs property interest derives from State law, the Rules and Regulations of the Board, and/or the ordinances of the Village.

**ANSWER:**    Admitted.

(115)   The Chief has no authority to suspend the Plaintiff without pay in excess of five days without bringing charges before the Board.

**ANSWER:**   Denied.

(116)   The Village has no authority to withhold pay from the Plaintiff for the unlawful suspension administered by the Chief.

**ANSWER:**   Denied.

(117)   The Board has no authority to deny Plaintiff a hearing on the unlawful suspensions issued by the Chief.

**ANSWER:**   Denied.

(118)   As a direct and proximate result of the actions of the Defendants, the Plaintiff has been deprived of a recognized property interest protected by the Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. 1983.

**ANSWER:**   Denied.

WHEREFORE, Defendants deny that they are liable to Plaintiff and pray that Count IV of Plaintiff's First Amended Complaint be dismissed with costs assessed against Plaintiff.

### COUNT V

### ADMINISTRATIVE REVIEW
**(In tine Alternative)**

(119)   The Plaintiff incorporates and realleges Paragraphs 1- 18 as if fully set forth herein as Paragraphs 119-136 of this Count V.

**ANSWER:**   Defendants restate their answers to paragraphs 1-18 for their answer to paragraphs 119-136 of Count V as though fully set forth herein.

(137)   Plaintiff seeks review of the Board's decision in this case on the basis that:

(A)   The Board's decision is against the manifest weight of the evidence;

(B)     The Board's decision is based on erroneous rulings and

interpretations of law;

(C)     The Board's decision is arbitrary and capricious.

**ANSWER:**     Defendants deny that plaintiff is entitled to administrative review of her claims.

(138)    The Board, as Defendant herein, is requested to file an answer consisting of the entire record of proceedings held before the administrative agency (if any) pertaining to the entry of said decision of which Plaintiff seeks judicial review.

**ANSWER:**     Defendants have provided such documents to the Circuit Court and that file is already included in the current court file.

(139)    Without in any manner restricting the scope of the foregoing, the Plaintiff specifically requests that the entire record of evidence before the Board, including all exhibits and all correspondence and orders of the Board, and recording of any deliberations of this matter, be filed by the Board as part of the record of the administrative hearing.

**ANSWER:**     Defendants deny that plaintiff is entitled to administrative review of her claims.

WHEREFORE, Defendants deny that they are liable to Plaintiff and pray that Count V of Plaintiff's First Amended Complaint be dismissed with costs assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

**I.     Wilson's Administrative Review Claim was Untimely.**

1.     Pursuant to 735 ILCS 5/3-106, "in any action to review any final decision of

12

any administrative agency, the agency shall appear by filing an answer consisting of a record of the proceedings had before it, or a written motion in the cause or a written appearance . . ."

2. Pursuant to 735 ILCS 3-108(b), "the administrative agency shall file an answer which shall consist of the original or a certified copy of the entire record of proceedings under review, including such evidence as may have been heard by it and the findings and decisions made by it. . . No pleadings other than as herein enumerated shall be filed by any party unless required by the court."

3. Section 3-101 of the Code of Civil Procedure defines "Administrative decision" or "decision" , in relevant part, as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency. "

4. The Board's November 2014 letter to Wilson was a determination by the Board which affected the legal rights, duties or privileges of the parties and which terminated the proceedings before the Board.  735 ILCS 5/3-101.

5. Plaintiff's claim that Chief Bradley exceeded his authority through his suspensions is subject to review by the Board.

6. In order to bring such an appeal, plaintiff must do so within five calendar days after such suspension.

7. Plaintiff failed to meet this deadline.

8. As a result of plaintiff's failure to appeal in a timely manner, the Board was

unable to review her appeal.

**II.    Counts I, II, and III are barred by Administrative Review.**

9.      Administrative Review Law is the "sole and exclusive method to obtain judicial review of a final administrative decision."

10.     The availability of Administrative Review forecloses a plaintiff's right to obtain a declaratory judgment, writ of certiorari, or other common law or statutory remedies.

**III.    Count IV is barred by plaintiff's failure to seek protections of state law in a timely manner.**

11.     Sufficient procedural protections existed and it was plaintiff's failure to seek the protections of state law in a timely manner that foreclosed her right to be afforded process.

**IV.    Count IV is barred because the acts of Chief Bradley were random and unauthorized.**

12.     Random and unauthorized acts by state officials do not violate procedural due process rights if the state provides an adequate post-deprivation remedy.

13.     Here, to the extent that the allegations in plaintiff's complaint are true, the acts of Chief Bradley were random and unauthorized.

14.     State law provides an adequate post-deprivation remedy for plaintiff.

**V.    Plaintiff cannot seek punitive damages against defendants.**

15.     Wilson's prayer for punitive damages should be stricken as punitive damages are not available against governmental entities and defendant Bradley was

only sued in his official capacity. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

**UNIVERSITY PARK BOARD OF FIRE &
POLICE COMMISSIONERS, VILLAGE OF
UNIVERSITY PARK, ED BRADLEY**

By: *s/Julie A. Bruch*
    One of defendants' attorneys

Julie A. Bruch, #621583
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL   60062
Telephone: (847) 291-0200
Fax:   (847) 291-9230
E-mail:   jbruch@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH WILSON, | ) | |
| | ) | Case No.:  15-CV-7425 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Honorable Samuel Der-Yeghiayan |
| UNIVERSITY PARK BOARD OF FIRE & | ) | |
| POLICE COMMISSIONERS, THE | ) | |
| VILLAGE OF UNIVERSITY PARK, and | ) | |
| ED BRADLEY,in his Official capacity as | ) | |
| Chief of Police. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2016, I electronically filed Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Keith A. Karlson
Reimer & Karlson LLC
kkarlson@rdklaborlaw.com

**UNIVERSITY PARK BOARD OF FIRE &
POLICE COMMISSIONERS, VILLAGE
OF UNIVERSITY PARK, ED BRADLEY**

By:   *s/Julie A. Bruch*
        Julie A. Bruch
        One of Their Attorneys
        O'Halloran, Kosoff, Geitner & Cook, LLC
        650 Dundee Road, Suite 475
        Northbrook, Illinois 60062
        Telephone:   (847) 291-0200
        Facsimile:   (847) 291-9230